### 9265

### TOWN OF WILLISTON. v. HANCOCK.

#### (87 S. E. 997.)

INTOXICATING LIQUORS. MUNICIPAL CORPORATIONS. ORDINANCES. CHARGE.

1. INTOXICATING LIQUORS — MUNICIPAL CORPORATIONS — ORDINANCES.—
A municipal corporation may by ordinance prohibit the transportation of intoxicating liquors within its limits.

2. INTOXICATING LIQUORS — MUNICIPAL CORPORATIONS — ORDINANCES.—
An ordinance amending an ordinance prohibiting the sale of intoxicating liquors, so as to include the transportation of such liquors within its prohibitions, is effective, as there is no specific law prescribing the form in which ordinances shall be passed.

3. CRIMINAL LAW—APPEAL AND ERROR.—Where there is evidence to sustain a verdict in a municipal Court, concurred in by the Circuit Court, it will not be disturbed by the Supreme Court on appeal.

4. CHARGE.—A charge stating that the case at bar differs from another, which could have no application, is not error.

Before SHIPP, J., Barnwell, July, 1915. Affirmed.

The defendant, being convicted of transporting intoxicating liquors in violation of ordinances in form as follows, appeals:

"An ordinance to prohibit the manufacture, sale, barter, exchange, giving away to induce trade, the furnishing at public places or otherwise disposing of alcohol, spirituous, vinous or malt liquors or beverages, or other liquors or beverages by whatsoever name called, which if drunk to excess will produce intoxication, except for sale of alcohol by druggists and wines for sacramental purposes, as provided by law, within the corporate limits of the town of Williston, South Carolina, and to provide penalties for the violation thereof.

Section 1. Be it ordained by the town council of Williston, South Carolina, now met, and in council assembled, and by the authority of the same, that from and after the passage of this ordinance it shall be unlawful for any person or persons to manufacture, sell, barter, exchange, receive, accept, give away to induce trade, deliver, store, furnish at public places, within the corporate limits of the said town of Williston, South Carolina, or otherwise dispose of any alcohol, spirituous, malt, vinous, fermented, brewed or other liquors and beverages, or any compound or mixture thereof which contains alcohol and is used as a beverage by whatsoever name called, if drunk to excess will produce intoxication, except for the sale of alcohol as

FOOTNOTE.—As to validity of municipal ordinance declaring that all or certain classes of offenses denounced by law of State shall be offenses also under the ordinance, see notes in 26 L. R. A. (N. S.) 493.

allowed by law to druggists and for the sale of wines for sacramental purposes; that any person or persons violating this ordinance shall, upon conviction, be fined in a sum of not less than one nor more than one hundred dollars, or be imprisoned in the guardhouse, or upon the public works of the said town, or upon the county chain gang for a term of not less than one nor more than thirty days. Ratified 1st day of August, A. D. 1911. W. E. Prothro, Intendant. Clerk, A. Owens. (Seal.).

An Ordinance to Amend.—An ordinance to prohibit the manufacture, sale, barter, exchange, giving away to induce trade, the furnishing at public places or otherwise dispos-, ing of alcohol, spirituous, vinous or malt liquors or beverages by whatsoever name called, etc., and to provide penalties for the violation thereof.

State of South Carolina, County of Barnwell.

Be it ordained by the town council of Williston, State and county aforesaid, now sitting and by authority of the same, that line five of section one of the above described ordinance be, and is hereby, amended by inserting the word 'transport' after the words 'giving away to induce trade.' Approved September 20, 1911. R. M. Mixon, Intendant. A. Owens, Clerk. (Seal of town of Williston). (Copy.)"

*Mr. John F. Williams,* for appellant, cites: 96 S. C. 105; 28 Cyc. 381; Crim. Code 825; 96 S. C. 383; Const., art. VIII, sec. 11.

*Mr. A. H. Ninestein,* for respondent.

February 25, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendant was tried and convicted before the town council of Williston of transporting whiskey and fined $50,

or thirty days upon the chain gang for Barnwell county. From this conviction and sentence he appealed to the Circuit Court, and the Circuit Court (Judge Shipp) affirmed the sentence; and he appeals to this Court, and presents, by his exceptions, the following questions: (1) Did the ordinance, as amended, make it an offense to transport alcoholic liquors within the town of Williston? (2) Did the defendant transport alcoholic liquors for unlawful purposes? (3) Did the intendant err in charging the jury that this case differed from the charge in the case of *Anderson* v. *Fant,* 96 S. C. 105, 79 S. E. 641?

These exceptions must be overruled. The ordinance was passed long before the alleged offense was committed.

1, 2　The town had ample power and authority to pass the ordinance, and there is no specific law which provides how such ordinance shall be passed. The town had the right to amend the ordinance, as it did, and there

3　was evidence to sustain the finding of the jury in the intendant's Court, concurred in by the Circuit Court.

There was no error in the intendant's telling the jury that the charge against the defendant in this case was

4　different from the Fant case, as that case could not have had any application to the case tried.

Judgment affirmed.